## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

Christine Goss,
f/k/a Christine Sherrell

       Debtor.

_____/

Case No. 25-45179-lsg
Chapter 7
Judge: Lisa S. Gretchko

## CREDITOR'S LAKYRA SMITH'S MOTION FOR AUTHORITY TO COMPROMISE

**NOW COMES** Creditor, Lakyra Nicole Smith, by and through her counsel, Cartwright Law Firm, PLLC by Andrea D. Cartwright., and hereby states as follows:

1. On or about May 20, 2025, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of Michigan, Southern Division (Case No. 25-45179-lsg). (ECF No. 1).

2. The Plaintiff commenced an adversary proceeding on September 8, 2025.

3. That a Default Entry by Clerk was filed on October 15, 2025, for the failure of the Defendant Christine Goss ("Defendant/Goss") to answer or otherwise plead in response to said adversary complaint (Doc. 9).

4. The Plaintiff relies on its pleadings and is entitled to a default judgment of non-dischargeability as to the amount plead.

5. The creditor contends, Defendant served as Plaintiff's court-appointed conservator under Wayne County Probate Court File No. 2022-876545-CY. On July 18, 2024, Plaintiff reached the age of majority and requested closure of her conservatorship. As conservator, Defendant owed Plaintiff a fiduciary duty to safeguard her assets and account truthfully to the Probate Court. On or about December 26, 2024, Judge Keith of the Wayne County Probate Court entered an Order approving Defendant's second accounting and directing that all conservatorship assets be released to Plaintiff. That Defendant presented an altered probate Order to Community Choice Credit Union, inducing the release of approximately $88,000 from Plaintiff's restricted conservatorship account into Defendant's possession. Defendant lacked legal authority or consent to access those funds. The Wayne County Probate Court, determined that Defendant

deliberately altered the Court's Order to unlawfully obtain Plaintiff's funds. Although Defendant has since failed to returned all the funds rightfully owed to said Plaintiff. In the adversary complaint, the creditor alleges conversion, fraud and misrepresentation in violation of 11 U.S.C. § 523(a)(2)(A), fraud or defalcation while acting in fiduciary capacity, embezzlement, or larceny in violation of 11 U.S.C. § 523(a)(4) and willful and malicious injury in violation of 11 U.S.C. § 523(a)(6).

6. Defendant's misrepresentations were material, intentional, and made with the intent to deceive and defraud the plaintiff.

7. Defendant's conduct caused Plaintiff to sustain damages, including the unrecovered funds and attorney's fees.

8. Defendant's debt to Plaintiff is therefore nondischargeable in violation 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. §523(a)(6) injury, or at minimum with knowledge that injury was substantially certain to result.

9. Defendant's conduct caused direct injury to Plaintiff and her property.

10. The debt owed is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. §523(a)(6).

11. The Debtor has failed to timely respond to plaintiff's claims asserted in the adversary proceedings.

12. Discovery has not been completed.

13. This matter has not been set for trial due to the entry of default against Defendant.

14. In an effort to resolve this matter without further litigation, the debtor has agreed to pay the creditor ("Settlement Amount") in full satisfaction of the creditor's claims. The creditor shall maintain its interest until the ("Settlement Amount") is paid in full. Upon payment of the settlement amount pursuant to the terms of the Settlement Agreement attached hereto as Exhibit A. Pursuant to the offered compromise, Debtor shall pay $20,655 (the "Settlement Amount") to settle creditor's claim, in installments as follows:

a. The Defendant shall pay monthly payments of $550.00. on or before 15th day of each month thereafter through and including August 15, 2028;

b. The Defendant may make weekly payments, provided the full monthly payment is paid within each respective month;

c. Any remaining balance shall be paid in full no later than August 15, 2028.

15. Pursuant to Drexel v. Loomis, 35 F.2d. 800 (8th Cir. 1929) and In re Carson, 82 B.R. 847 (Bankr. S.D. Ohio 1987), the Creditor Lakyra Smith believes that this

compromise is appropriate and in her is in the best interest of the creditor and should be approved by the Court.

16. The Creditor has accepted this offer of compromise subject to Bankruptcy Court approval.

17. Acceptance of this compromise will result in the resolution of the Creditor's claims related to adversary proceeding and to avoid further costs of litigation related to this matter.

18. The Creditor believes that, in view of the uncertainty that always accompanies litigation, this Court, in considering the facts before it, and in using its discretion and informed judgment, should approve this compromise because it is fair and equitable, and the cost of litigating the disputes between the parties could be substantial in relation to the potential recovery.

19. It is generally held that the bankruptcy court may approve a settlement if it is fair and equitable and is in the estate's best interest. *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6 Cir., 1988); *In Re American Reserve Corp.*, 849 F.2d 159, 161 (7th Cir., 1987)

**WHEREFORE,** the Creditor Lakyra Smith, respectfully requests that this Court enters an order approving the compromise as described herein.

Respectfully submitted,

*/s/Andrea D. Cartwright*
Andrea D. Cartwright (P53463)
Attorney for Plaintiff
23855 Northwestern Hwy.
Southfield, MI 48075
(248) 352-8722
cartwrightlawfirm@gmail.com

March 17, 2026

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

Christine Goss,                                    Case No. 25-45179-lsg
f/k/a Christine Sherrell                           Chapter 7
                                                   Judge: Lisa S. Gretchko

                    Debtor.

_____/

### ORDER APPROVING COMPROMISE OF CREDITOR'S CLAIMS

This matter having come before the Court upon the Motion for Authority to Compromise Claims of the Creditor ("Motion ECF No. _____, notice of the Motion having been served on all parties appearing on the Court's matrix as of the date of this Motion, and no response or objection having been filed filed nor served,

NOW THEREFORE IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that the Creditor is authorized to compromise the claims

identified in the Motion for the sum of $20,655, as more fully set forth in the Settlement

Agreement attached to the Motion as **Exhibit A**.

EXHIBIT B

IN THE MATTER OF:

Christine Goss,                                    Case No. 25-45179-lsg
f/k/a Christine Sherrell                           Chapter 7
                                                   Judge: Lisa S. Gretchko

                Debtor.

_____/

### Notice of Creditor's Lakyra Smith's Motion for Order Approving Compromise

TO:     ALL CREDITORS AND PARTIES IN INTEREST:

Lakyra Nicole Smith, creditor, has filed papers with the court entitled "Motion for

Authority to Compromise.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to grant Debtors' request to, or if you want the court to consider your views on the motion/objection. **Within 21 days**, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at[1]: United States Bankruptcy Court, 211 W. Fort Street, Suite 2100, Detroit, Michigan 48226.

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to Andrea D. Cartwright, 23855 Northwestern Hwy., Southfield, MI 48076, Kimberly Savage, 1483 Haslett Rd., Haslett, MI 48840 and Michael A. Stevenson, Chapter 7 Trustee, 26100 American Drive., Suite 500, Southfield, Michigan 48034.

2.   If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion

and you will be served a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

                Respectfully submitted,

                */s/Andrea D. Cartwright*
                Andrea D. Cartwright (P53463)
                Attorney for Plaintiff
                23855 Northwestern Hwy.
                Southfield, MI 48075
                (248) 352-8722
March 17, 2026        cartwrightlawfirm@gmail.com

---

[1] Response or answer must comply with F.R. Civ.P.8(b),(c) and (e)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

Christine Goss,                      Case No. 25-45179-lsg
f/k/a Christine Sherrell          Chapter 7
                                 Judge: Lisa S. Gretchko

             Debtor.

_____/

**CERTIFICATE OF SERVICE**

Andrea D. Cartwright, certifies that on March 17, 2026, she mailed a copy of Motion for Authority to Compromise, proposed Order Approving Creditor's Claim, Notice and Opportunity for Hearing, and this certificate of service with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Michael A. Stevenson, Chapter 7 Trustee, Kimberly Savage, and U.S. Trustee.**

and I hereby certify that I have mailed by United States Postal Service the Papers(s) to the following non-ECF participants:

**See Attached Matrix**

                                      _/s/ Andrea D. Cartwright_____
                                      Andrea D. Cartwright

# EXHIBIT

# A

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** ("Settlement Agreement") is entered into by and between Lakyra Smith ("Plaintiff"), and Christine Goss ("Defendant" or "Debtor").

## RECITALS

A. On May 20, 2025 (Petition Date"). Debtor/Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") commencing Case No. 25-45179-lsg.

B. On September 8, 2025, Plaintiff commenced an adversary proceeding against Defendant seeking a determination of nondischargeability of Defendant's debt to Plaintiff pursuant to conversion, 11 U.S. C. 523 (a)(2)(A), 11 U.S.C. 523 (a)(4), and 11 U.S.C. 523 (6) (the "Adversary Proceeding").

C. Defendant failed to timely respond to the Adversary Complaint, and a Clerk's Entry of Default was entered on October 15, 2025.

D. An Order of Discharge was entered in Defendant's bankruptcy case on September 9, 2025.

E. The Parties desire to resolve the Adversary Proceeding and all claims arising pursuant to this offer to compromise, subject to approval by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019.

F. Defendant acknowledges that Plaintiff would be entitled to pursue further litigation and entry of a default judgment absent this Agreement.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the Parties agree as follows:

1. Bankruptcy Court Approval. The creditor agrees to promptly file a motion pursuant to Fed. R. Bankr. P. 9019 seeking entry of an order (the "Settlement Order") of the Bankruptcy Court approving this Settlement Agreement.

2. Settlement of Claims. This Settlement Agreement is subject to Bankruptcy Court approval and shall not be effective until entry of the Settlement Order. The creditor and the Defendant agree that payment of the Settlement Amount (defined below) in full shall constitute full satisfaction of the creditor's claims as defined herein. Nothing contained in this Settlement Agreement shall be considered as an admission concerning any fact, claim, or defense regarding the Creditor's Claims.

3. Payment and Terms:  The Defendant shall pay to the Creditor the total sum of $20,655 (the "Settlement Amount"), to be paid as follows:

a. The Defendant shall pay monthly payments of **$550.00**, on or before the 15th day of each month thereafter through (and including) August 15, 2028;

b. The Defendant may make weekly payments, provided the full monthly payment is paid within each respective month;

c. Any remaining balance shall be paid in full **no later than August 15, 2028.**

d. The Settlement Amount may be satisfied, in whole or in part, by Defendant, Christine Goss, pursuant to the payment schedule approved by the Bankruptcy Court. Any such payments shall be credited toward the Settlement Amount.

No Penalty for Early Payment. There shall be no penalty for early repayment.

Nondischargeability. The Settlement Amount is nondischargeable pursuant to and shall not be affected by Defendant's Chapter 7 discharge.

4. METHOD AND PLACE OF PAYMENT
All payments shall be:
Made payable to "Creditor, Lakyra Smith"; and delivered at the following address:

5. DEFAULT; NOTICE; REMEDIES
Notice of Default.
The Creditor may send written notice of default to Defendant's counsel of record, Kimberly Savage, via email at kim@savagelegalgroup.com.

Failure to Cure. If Defendant fails to cure any default within ten (10) days after written notice is sent, the following remedies shall apply:

a. Increased Liability.
The Settlement Amount shall increase to $39,750, with credit for payments received, plus interest, attorneys' fees, and collection costs;

b. Acceleration.
The remaining balance shall become immediately due and payable;

Entry of Judgment. The Creditor may file a Notice of Default and Failure to Cure with the Bankruptcy Court, upon which the Bankruptcy Court shall enter Judgment against Defendant for the increased Settlement Amount, less payments received; and

## 6. COURT APPROVAL

This Agreement is expressly contingent upon approval by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. Upon approval, this Agreement shall be binding and enforceable.

## 7. NO ADMISSION OF LIABILITY

This Agreement is a compromise of disputed claims and shall not be construed as an admission of liability by Defendant.

## 8. RELEASE

Upon full payment of the Settlement Amount, Plaintiff shall release Defendant from claims asserted in the Adversary Proceeding only, except as to obligations under this Agreement.

## 9. GOVERNING LAW AND JURISDICTION.

This Agreement shall be governed by federal bankruptcy law and, where applicable, the laws of the State of Michigan. The Bankruptcy Court shall retain jurisdiction to enforce this Agreement.

## 10. ENTIRE AGREEMENT; MODIFICATION.

This Agreement constitutes the entire agreement between the Parties. Any modification must be in writing and approved by the Bankruptcy Court.

## 11. COUNTERPARTS; ELECTRONIC SIGNATURES.

This Agreement may be executed in counterparts and by electronic signature, each of which shall be deemed an original.

**IN WITNESS AND AGREEMENT THEREOF, the parties have affixed their signatures:**

03/05/26

Dated: 3/5/2026

Lakyra Smith (Mar 5, 2026 07:56:26 EST)

Andrea D. Cartwright (P53463)
Attorney for Plaintiff:

Dated: 03/06/2026

Christine Goss (Mar 6, 2026 12:22:33 EST)
Christine Goss, Defendant

03/06/2026

/s/ Kimberly L. Savage

Kimberly L. Savage (P68267)
Attorney for Defendant